UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KING DR. JAMES CASSELL,

                Plaintiff,

        -against-

THE BOAT (V.C.B.C.),

                Defendant.

25-CV-5272 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that, during his detention at the Vernon B. Cain Center ("VCBC"), he was assaulted by another detainee. Plaintiff names VCBC as the sole defendant. By order dated August 5, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff's claims arose during his detention at the VCBC, and his allegations possibly concern the conduct of correctional staff, the Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983.

For the reasons set forth in this order, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] In September 2021, when Plaintiff was detained at the VCBC, he "was sent to cells but [while] being there the housing unit voted me out." (ECF 1, at 14.) He then "was processed to a dorm, [but] after being there for 10 mins the house voted me out as well." (*Id.*) After this vote, "the Capt. that took me there refused to

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

take me back out." (*Id.*) (emphasis omitted). Plaintiff remained in this housing for one week

when "a inmate grab[b]ed his cane and hit me in the head with it." (*Id.*)

Plaintiff alleges that "[t]he officers lied on injury report and said, 'I was fighting.'" (*Id.*)

Plaintiff contends that he "need[s] . . . the video to show injury and assault on me with cane. I

was jumped after assault." (*Id.*) Plaintiff also alleges that he "put in [for] intake for a week no

shower or change of clothes." (*Id.*)

Plaintiff attaches to the complaint a personal injury claim form, which shows that

Plaintiff filed a claim with the Office of the New York City Comptroller on November 10, 2021.

(*Id.* at 10-13.) He also attaches a December 6, 2021 letter from the City Comptroller, notifying

Plaintiff that that office had received Plaintiff's claim. (*Id.* at 8.)

## DISCUSSION

### A.    VCBC

To the extent Plaintiff seeks to assert Section 1983 claims against VCBC, those claims

must be dismissed because VCBC is not a "person" under Section 1983. To state a claim under

Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

the United States was violated, and (2) the right was violated by a person acting under the color

of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court therefore

dismisses any Section 1983 claims Plaintiff seeks to assert against VCBC for failure to state a

claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to sue the New York City Department of Correction

("DOC"), the agency that operates New York City detention facilities, those claims must be

dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City

Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

3

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Because the Court finds, for the reasons stated below, that Plaintiff has failed to state a viable federal claim, the Court declines to construe the complaint as asserting claims against the City of New York. If Plaintiff wishes to bring claims against the City of New York in an amended complaint, he must allege facts showing that the City has a policy, practice, or custom that caused a violation of his federal constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: " (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

## B.    Failure to protect claim

Plaintiff's allegations that another detainee assaulted him suggest that Plaintiff may be attempting to assert a failure to protect claim. Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). Plaintiff's claims arise under the Fourteenth Amendment's Due

Process Clause because Plaintiff was in pretrial detention at the time the events underlying this claim occurred. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that where an individual is in pretrial detention, the Fourteenth Amendment applies).

A pretrial detainee asserting a failure to protect claim must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Id.*; *see Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("Evidence that a risk was obvious or otherwise must have been known to a defendant may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." (quotation marks omitted)). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 28 (2d Cir. 1988) ("[A] prisoner cannot base a federal civil rights action brought under 42 U.S.C. § 1983 on claims of a negligent failure of state prison officials to protect him from injury at the hands of another inmate.").

Here, Plaintiff's allegation that another detainee assaulted him with a cane after Plaintiff had been "voted out" of his housing unit is insufficient to state a viable failure to protect claim. Plaintiff does not name any correctional staff who were personally involved in allowing this detainee to assault him. Nor does he allege any facts suggesting that staff were aware of a sufficiently serious risk of harm to Plaintiff and then ignored that risk. The Court therefore dismisses Plaintiff's claims arising from the alleged assault for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead a failure to protect claim in an amended complaint that names as defendants the individual DOC employees he alleges failed to protect him.

**C.      Conditions of Confinement**

The Court construes the complaint as asserting a conditions of confinement claim because Plaintiff alleges that he was denied access to a shower for one week. As noted above, because Plaintiff was in pretrial detention at the time the events underlying this claim occurred, his claim arises under the Fourteenth Amendment's Due Process Clause. *See Darnell*, 849 F.3d at 29

Similar to a failure to protect claim, to state a conditions of confinement claim under the Fourteenth Amendment, a pretrial detainee must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *See id.* at 29-33. A plaintiff satisfies the objective element of a conditions of confinement claim by "'show[ing] that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health'" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker*, 717 F.3d at 125, and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

To satisfy the subjective element, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

6

Plaintiff's allegation that he was denied a shower for one week is insufficient to show that any correctional staff acted with deliberate indifference. This allegation does not suggest that this alleged denial posed an unreasonable risk to Plaintiff's health or safety or that any correctional officer was aware of any risk but ignored the risk. The Court therefore dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead a conditions of confinement claim in an amended complaint that names as defendants the individual DOC employees he alleges were involved personally in this claim.

**D.    False Report**

Plaintiff alleges that correctional staff lied on an injury report, claiming that Plaintiff was fighting when he was hit with a cane. (*See* ECF 1, at 14.)

Individuals who are incarcerated do not possess a "general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). If an individual who is incarcerated is "granted a hearing, and [is] afforded the opportunity to rebut the charges against him, the defendant's filing of unfounded charges d[oes] not give rise to a per se constitutional violation actionable under section 1983." *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986). Allegations of false disciplinary charges therefore generally do not rise to the level of a constitutional claim unless a plaintiff shows something more, such as that the misbehavior report was filed in retaliation for the prisoner's exercise of his constitutional rights. *See Boddie*, 105 F.3d at 862; *Freeman*, 808 F.2d at 951.

Plaintiff alleges that correctional staff filed a false report, but he does not allege any facts suggesting that correctional staff engaged in any unconstitutional conduct, such as filing a false report in retaliation for his exercising his constitutional rights. The Court therefore dismisses Plaintiff's false report for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead a false report claim in an amended complaint that names as defendants the individual DOC employees he alleges were involved personally in this claim and how they violated his constitutional rights when filing such a report.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a failure to protect, a conditions of confinement and/or a false report claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.[2]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

---

[2] The Court notes that Plaintiff's complaint appears to be untimely. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Plaintiff alleges that the events giving rise to his claims occurred in September 2021. The time to file this complaint likely expired in September 2024. Plaintiff filed his complaint on June 24, 2025. Should Plaintiff file an amended complaint, he may address the timeliness of his filing and whether the doctrine of equitable tolling should apply. This doctrine permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted).

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 27, 2026
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

9